UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL ACTION

TOMMY NABOR JR.                                       NUMBER 04-148-RET-DLD

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on September 15, 2009.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                                           CRIMINAL ACTION

TOMMY NABOR JR.                                         NUMBER 04-148-RET-DLD


MAGISTRATE JUDGE'S REPORT

This matter is before the court following remand by the United States Court of Appeals for the Fifth Circuit on the Motion to Vacate, Set Aside, or Correct Sentence filed on behalf of Tommy Nabor Jr. pursuant to 28 U.S.C. § 2255.  Record document numbers 78 and 133.

Petitioner pled guilty to one count distribution of a substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (Count 1), and two counts distribution of five grams or more of a substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 3 and 4).  On October 13, 2005, the petitioner was sentenced to 235 months on each of Counts 1, 3 , and 4, to be served concurrently.[1]  Petitioner did not appeal his conviction.

Petitioner's § 2255 motion was filed timely.  No evidentiary hearing is required.

---

[1] On July 15, 2009, an order on the court's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was entered reducing the petitioner's term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u).  Petitioner's sentence was reduced to 195 months.

1

Petitioner raised three grounds for relief in his § 2255 motion: (1) his guilty plea was not knowing and voluntary[2]; (2) he was denied effective assistance of counsel at trial[3]; and, (3) he received ineffective assistance of counsel on appeal.[4]

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

Petitioner's third ground for relief asserts a violation of his Sixth Amendment right to counsel.  Only ground three needs to be addressed.

**Ineffective Assistance of Counsel on Appeal**

In his third ground for relief, the petitioner argued that the failure by counsel to perfect an appeal from his guilty plea constituted ineffective assistance of counsel on appeal. Petitioner argued that following his sentencing hearing, he instructed counsel to file a notice of appeal.  Petitioner argued that counsel failed to file the notice of appeal as instructed and failed to withdraw from representation of the petitioner.

In its response, the United States did not dispute the petitioner's allegations.

The record reflects that counsel for the petitioner took no steps whatsoever to perfect

---

[2] Record document number 78.

[3] *Id.*

[4] Record document number 133.

the appeal. There is no evidence that the petitioner requested counsel to abandon the appeal. These circumstances support only finding - the petitioner's counsel abandoned the appeal without the petitioner's consent.

The Sixth Amendment entitles a criminal defendant to effective assistance of counsel on direct appeal. *United States v. Reinhart*, 357 F.3d 521 (5th Cir. 2004). To prevail on a claim for ineffective assistance of counsel, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052 (1984).

In *Roe v. Flores-Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029 (2000), the Supreme Court stated that although *Strickland* recognized two components to the ineffective assistance of counsel burden of proof, an attorney's failure to file an appeal after being specifically instructed to do so entitles the defendant to an appeal without regard to a showing that the appeal would actually have merit (i.e., without regard to a showing of actual prejudice.)

The Fifth Circuit Court of Appeals has consistently held that the failure of counsel to timely file or perfect an appeal upon request of the defendant constitutes ineffective assistance of counsel entitling the defendant to post-conviction relief in the form of an out-of-time appeal. *See, e.g.*, *Barrientos v. United States*, 668 F.2d 838 (5th Cir. 1982); *Mack v. Smith*, 659 F.2d 23 (5th Cir. 1981); *Chapman v. United States*, 469 F.2d 634 (5th Cir. 1972); *Arrastia v. United States*, 455 F.2d 736 (5th Cir. 1972); *Kent v. United States*, 423 F.2d 1050, 1051 (5th Cir. 1970); *Atilus v. United States*, 406 F.2d 694 (5th Cir. 1969); *Schwander v. United States*, 386 F.2d 20 (5th Cir. 1967); *Brewen v. United States*, 375 F.2d 285 (5th

Cir. 1967); *Bray v. United States*, 370 F.2d 44 (5th Cir. 1966); *Camp v. United States*, 352 F.2d 800 (5th Cir. 1965).  This court reached the same conclusion in *United States v. Jeff M. Jeffers*, CR 02-109-RET (M.D. La. 2006).[5]

When leave to file an out-of-time appeal is granted, the § 2255 petition should be dismissed without prejudice and the district court should vacate then reinstate the criminal judgment on the docket of the court to trigger the running of a new Rule 4(b), Fed.R.App.P., appeal period.  *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that (1) the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be dismissed without prejudice and (2) the Judgment of conviction be vacated and then reinstated, thereby affording the defendant an opportunity to file a new notice of appeal.

If this recommendation is adopted by the district judge, the petitioner will be responsible for filing a notice of appeal within the 10 day time limit set forth in Rule 4(b)(1)(A), Fed.R.App.P.

Signed in Baton Rouge, Louisiana, on September 15, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[5] CR 02-109, record document number 75, Magistrate Judge's Report, and record document number 76, Ruling.